UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFONSO LEWIS MILES,

              Petitioner,

v.                                             Case No. 8:03-cv-1856-T-24MAP

JAMES V. CROSBY, JR.,

              Respondent.

_____

## ORDER

      This cause is before the Court on Petitioner Alfonso Lewis Miles (Miles') 28 U.S.C. § 2254 petition for writ of habeas corpus.  Petitioner challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.

BACKGROUND

      On September 7, 1999, the State Attorney charged Miles by Supersedes Information with "carjacking, obstructing or opposing an officer without violence, aggravated battery, no valid driver's license, and leaving the scene of a crash." (Exh. 17, Vol. I,  R 16-20). After trial, the jury found Miles guilty of carjacking, battery (a lesser included offense of aggravated battery), "no valid driver's license," and leaving the scene of a crash. (Exh. 17, Vol. I,  R 74-75).

      On December 16, 1999, the state trial court sentenced Miles to life imprisonment as a

habitual felony offender and prison releasee reoffender on the carjacking charge. The state trial court sentenced Miles to time served on the remaining misdemeanor charges. (Exh. 17, Vol. I, R 81-87;  Vol. IV,  R  355-356).

Miles appealed, raising two issues:

### Issue I

THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL.

### Issue II

THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT AS BOTH A PRISON RELEASEE REOFFENDER AND A HABITUAL FELONY OFFENDER.

The state district court of appeal per curiam affirmed the judgment and sentence on September 12, 2001.  Miles v. State, 799 So. 2d 1042 (Fla. 2d DCA 2001) [Table]. Miles filed a pro se motion for rehearing (Exh. 4), which the state district court of appeal denied on October 23, 2001. (Exh. 5).

On October 18,  2002,  Miles filed a Rule 3.850 motion for postconviction relief. (Exh. 7 ) . On December 5, 2002, the state trial court filed a written order summarily denying Rule 3.850 relief. After discussing the Strickland v. Washington, 466 U.S. 668 (1984), ineffective assistance of counsel standard, the state trial court set out the following findings of fact and conclusions of law in its order:

> Grounds I and II address the issue of Defendant's competency to stand trial, therefore, the Court will address both grounds simultaneously. In ground I, Defendant alleges he was "subjected to a fundamental miscarriage of justice when forced to proceed to trial while incompetent as evidence and Defendant's prior history supports his being incompetent to proceed, the error was egregious and prejudicial , depriving him of his U.S. Const. Rights, V, VI, & XIV Amends."  Defendant argues the trial court was aware or should have been aware he was incompetent and unable to understand the nature and consequences of the proceeding. In ground II, Defendant alleges "defense

2

counsel was ineffective for failing to request a competency evaluation of defendant by a professional when defendant was previously declared incompetent, counsel's error of omission violated defendant's V, VI, & XIV Amend. Rights to U.S. Const." Defendant argues counsel was aware he was diagnosed as incompetent in a previous district court of appeal ruling. Defendant cites *Miles v. State,* 620 So.2d 1075 (Fla. 2d DCA 1993).

However, Defendant has failed to provide this Court with any documentation or proof to demonstrate he has been declared legally incompetent. Contrary to Defendant's assertion that the Second District Court of Appeal diagnosed him as incompetent in *Miles,* the inference in *Miles* is that the trial court ultimately determined Defendant was competent. This is borne out by the fact that the trial court re-sentenced Defendant after ordering a competency evaluation. Had the trial court determined Defendant was incompetent, there would not have been the re-sentencing issue which was the basis of the Second District Court of Appeal's opinion in *Miles.*

After reviewing Defendant's instant Motion, the court file, and the record, the Court finds that Defendant's allegations are unclear and provide no specific facts to adequately describe the nature of deficiencies he alleges in grounds I and II. As a result, Defendant's allegations in grounds I and II are conclusory and are not sufficient to establish a valid claim. *Freeman v. State,* 761 So.2d 1055, 1061 (Fla. 2000). In addition, Defendant cannot satisfy the first prong of *Strickland* by demonstrating that counsel committed errors so serious as to fall below reasonable standards of effectiveness as guaranteed by the Sixth Amendment. *See Strickland,* 466 U.S. at 686-87. As such, no relief is warranted on grounds I and II.

In ground III, Defendant alleges defense counsel was ineffective for "failing to request lesser-included jury instructions for the carjacking offense, counsel's all or nothing strategy deprived defendant of a fair trial when evidence existed of a lesser charge. U. S . Const., Amends. V, VI, XIV. " Defendant asserts that counsel advised him it would be in his best interest to waive the inclusion of lesser-included offenses, and go instead with a guilty or not guilty strategy.

However, the record reflects that co-counsel did instruct [sic] the jury regarding lesser-included offenses. Although co-counsel stressed that Defendant maintained his innocense, co-counsel did ask the jurors to consider lesser offenses if they felt Defendant was involved in the crime. Moreover, the record also reflects the Court instructed the jury regarding lesser-included offenses. *(See* transcript, dated September 8, 1999, pp. 293-312, attached). Therefore, defendant cannot satisfy the first prong of *Strickland.* As such, no relief is warranted on ground III.

In ground IV, Defendant alleges counsel was ineffective for "advising defendant to waive the state's obligation of veracity regarding defendant's eligibility for application under habitual felony offender classification, counsel's error deprived defendant of his V & XIV Amend. Rights to U.S. Const."[n] Defendant argues that counsel erred because counsel knew the State could not verify the predicate offenses used for enhancement.

However, the record reflects that counsel did not waive Defendant's habitual felony offender (HFO) status--counsel challenged Defendant's HFO status. It was defendant himself who stipulated in open court to his HFO status. And when the Court specifically asked Defendant whether he understood he was stipulating as an HFO, and then informed Defendant of the charges to which he was stipulating and the consequences of stipulating as an HFO, Defendant answered in the affirmative. *(See* transcript, dated December 16, 1999, attached). Therefore, Defendant cannot satisfy the first prong of *Strickland.*

(Exh. 8, Order Denying Motion for Postconviction Relief at pp. 1-3).

Miles appealed the adverse ruling. On May 7, 2003, the state district court of appeal per curiam affirmed the denial of postconviction relief. (Exh. 9).  On June 23, 2003, the state district court of appeal also denied Miles' "Motion for Rehearing/Reconsideration" (Exhs. 10, 11).

On October 2, 2003, Miles filed a petition for writ of habeas corpus in the state district court of appeal. (Exh. 13). The petition did not contain the required oath. On November 6, 2003, in Case No. 2D03-4591, the state district court of appeal issued an order treating the petition as a petition alleging ineffective assistance of appellate counsel, and directed Miles to file an amended petition with a proper oath within fifteen days. (Exh.14)  On November 17, 2003, Miles filed an amended petition containing the proper oath/verification. (Exh. 15). The petition alleged that appellate counsel was ineffective for failing to raise on direct appeal the issue that the trial court erred in denying defense counsel's motion for mistrial.

4

On December 2, 2003, the state district court of appeal ordered the State to respond to the habeas corpus petition within 20 days. (Exh. 16).  On December 29, 2003, the State responded and on April 15, 2004, the state district court of appeal denied the amended state petition for writ of habeas corpus.

Miles signed the present timely-filed federal petition for writ of habeas corpus on August 27, 2003, raising six grounds for relief: (1) the trial court erred in denying the defense motion for judgment of acquittal; (2) the trial court erred in sentencing Petitioner as a prison releasee reoffender and as a habitual felony offender; (3) the Petitioner was incompetent to proceed to trial; (4) trial counsel was ineffective for failing to request a competency evaluation; (5) trial counsel was ineffective for failing to request a jury instruction on the lesser-included offense on the carjacking count; (6) trial counsel was ineffective for advising Petitioner to waive the State's "veracity" for eligibility for habitual felony offender sentencing.

A review of the record demonstrates that, for the reasons stated below, Miles' federal petition for writ of habeas corpus must be **DENIED**.

STANDARDS OF REVIEW

Because Miles filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y of Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002).  The AEDPA "establishes a more deferential standard of review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given

effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see, Bell v. Cone, 2005 WL 123827 (U.S. Jan. 24, 2005) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]).   AEDPA is relevant to a review of this Petition.

## A.

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838,  842 (1999).[1] See also, Henderson v. Campbell, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)); Snowden v. Singletary, 135 F.3d at 735 ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners'

---

[1] O'Sullivan v. Boerckel, 526 U.S. at  845, suggests a shift by the United States Supreme Court with regard to the terminology used in discussing exhaustion principles.  The majority of the [O'Sullivan] Court concluded that an issue that was not properly presented to the state court, and which can no longer be litigated under state procedural rules, did not satisfy the exhaustion requirement, and is procedurally barred from federal review. 526 U.S. at 839-840, 848. As noted by the dissenting opinion, prior case law characterized issues for which no vehicle existed for state court litigation to be exhausted but procedurally barred. 526 U.S. at 850, 852; see Coleman v. Thompson, 501 U.S. 722, 732 (1991); Engle v. Isaac, 456 U.S. 107 (1982); Picard v. Connor, 404 U.S. 270 (1971).

There are no unexhausted claims in Miles' petition that can still be litigated in state court. If a claim is procedurally barred, federal review is precluded by virtue of that bar, and the exhaustion, or lack of exhaustion, is irrelevant. O'Sullivan, 526 U.S. at 848.

federal rights") (quoting <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995)).

Exhaustion of state court remedies generally requires a petitioner to pursue discretionary appellate review. "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary." <u>Pruitt v. Jones</u>, 348 F.3d 1355, 1358-59 (11th Cir. 2003)(citing <u>O'Sullivan</u>, 526 U.S. at 845). This is required even if the state Supreme Court rarely grants such petitions and usually answers only questions of broad significance. <u>O'Sullivan</u>, 526 U.S. at 845-46.

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." <u>Smith v. Jones</u>, 256 F.3d 1135, 1138 (11th Cir. 2001). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." <u>Smith v. Jones</u>, 256 F.3d at 1138. "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." <u>Henderson v. Campbell</u>, 353 F.3d at 891(quoting <u>Judd v. Haley</u>, 250 F.3d at 1313).

As stated above, a procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court.

Henderson v. Campbell, 353 F.3d at 892; Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995).  To show "'prejudice,"  Miles must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."   Hollis v. Davis, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting United States v. Frady, 456 U.S. 152, 170 (1982). Miles must show that there is at least a reasonable probability that the result of the proceeding would have been different.  Henderson v. Campbell, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Henderson v. Campbell, 353 F.3d at 892.  This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent."   Henderson v. Campbell, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence.  Johnson v. Alabama, 256 F.3d 1156, 1171 (2001) (citing Calderon v. Thompson, 523 U.S. 538, 559 (1998); Murray v. Carrier, 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent").  To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327 (1995). In addition, " '[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." Calderon, 523 U.S. at 559 (quoting Schlup, 513 U.S. at 324) (explaining that "[g]iven the rarity of such

evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

The <u>Schlup</u> Court stated that the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.  <u>Schlup</u> 513 U.S. at 324.  This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." <u>Ward v. Cain</u>, 53 F. 3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause)(footnote omitted).

<u>No Presumption that State Court Ignored Its Procedural Rules</u>

Finally, this Court cannot presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief, which is essentially a summary dismissal.  Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. <u>See Coleman</u>, 501 U.S. 722,  735-36 (1991);  <u>Kight v. Singletary</u>, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); <u>Tower v. Phillips</u>, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

**B.**

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination

of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 123 S.Ct. 1848, 1852-53 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003); Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001).  "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. Lockyer v. Andrade, 538 U.S.63, 71-72 (2003).  Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that  the state court's conclusion is contrary to clearly established governing federal law.  Mitchell v. Esparza, 124 S.Ct. 7, 10 (2003); Clark v. Crosby, 335 F.3d at 1308-10; Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.  Mitchell v. Esparza, 124 S.Ct. at 10 (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  See also Price v. Vincent, 123 S.Ct. at 1853; Lockyer v. Andrade, 538 U.S. at 75-77.  A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent.  Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell v. Esparza, 124 S.Ct. at 10; Parker v. Secy of Dept. of Corrections, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an unreasonable application of Supreme Court

precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply. <u>Bottoson v. Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000). The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. <u>Lockyer v. Andrade</u>, 538 U.S. at 75-77; <u>Williams</u>, 529 U.S. at 409-10; <u>Penry v. Johnson</u>, 532 U.S. at 791-792; <u>Woodford v. Visciotti</u> 537 U.S. 19, 25 (2002); <u>Mitchell v. Esparza</u>, 124 S.Ct. at 11-12; <u>Price v. Vincent</u>, 123 S.Ct. at 1853.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. See <u>Holland v. Jackson</u>, 124 S.Ct. 2736, 2737-2738 (2004) (citing <u>Yarborough v. Gentry</u>, 540 U.S. 1 (2003)) (per curiam) (denying relief where state court's application of federal law was supported by the record); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); <u>cf.</u> <u>Bell v. Cone</u>, 535 U.S. at 697, n. 4 (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

## C.

A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); <u>Henderson</u>, 353 F.3d at 890-91. The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law

and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

A petitioner who "failed to develop" the factual basis for a claim while in state court as a result of the petitioner's lack of diligence is barred from doing so in federal court (subject to the very narrow exceptions set out in § 2254(e)(2)).  Williams v. Taylor, 529 U.S. at 433-34.

## D.

## Ineffective Assistance of Counsel Claims

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: 1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and 2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 687-88; see also, Wiggins v. Smith, 123 S.Ct. 2527 (2003); Williams v. Taylor, 529 U.S. 362 (2000).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690).  This judicial scrutiny is "highly deferential."  Id. at 477.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689-90; Bell v. Cone, 535 U.S. 685, 698 (2002).  Because the ultimate resolution of the ineffective assistance of counsel claims are mixed questions of law and fact, Thompson v. Haley, 255 F.3d 1292, 1297 (11th Cir. 2001); Meeks v. Moore, 216 F.3d 951, 959 (11th Cir. 2000), the presumption of correctness

contained in § 2254(e)(1) does not apply to this determination.  <u>Parker v. Head</u>, 244 F.3d at 835-837.  "[T]he <u>Strickland</u> test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims."  <u>Williams</u>, 529 U.S. at 391.

"To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled. ' " <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting <u>Burger v. Kemp</u>, 483 U.S. 776 (1987)). "Therefore, the cases in which habeas petitioners can properly prevail an the ground of ineffective assistance of counsel are few and far between." <u>Rogers v. Zant</u>, 13 F.3d 384, 386 (11th Cir.), <u>cert</u>. <u>denied</u>, 513 U.S. 899 (1994).

The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take. <u>See</u> <u>Chandler</u>, 218 F.3d at 1315. An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment.  <u>Chandler</u>, 218 F.3d, at 1314 n. 15.

**E.**

Generally, claims alleging a violation of state law are not subject to review in federal habeas proceedings. <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984); <u>McCullough v. Singletary</u>, 967 F.2d 530, 535-36 (11th Cir.1992). To the extent that a federal question is raised in the federal habeas petition, the federal question was not exhausted in state court if the issue were raised only as a state law claim in state court. <u>Anderson v. Harless</u>, 459 U.S. 4, 6-8

(1982).

Finally, in the event constitutional error is found in a habeas proceeding, the relevant harmless error standard is set forth in <u>Brecht v. Abrahamson</u>, 507 U.S. 619 (1993). The test is "less onerous" then the harmless error standard enunciated in <u>Chapman v. California</u>, 386 U.S. 18 (1967). "The test is whether the error had substantial and injurious effect or influence in determining the jury's verdict. Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" <u>Brecht</u>, 507 U.S. at 637. Although no constitutional error has occurred in Miles' case, any possible error would clearly be harmless beyond any reasonable doubt based on the facts and the record herein.

DISCUSSION

Ground One

Miles contends (1) the state trial court erred in denying his motion for judgment of acquittal; and (2) the state trial court erred in sentencing him as a prison release reoffender and habitual felony offender.

1) Error in Denying Motion for Judgment of Acquittal

Miles is not entitled to relief on this claim for several reasons. First, the claim is procedurally barred. In the state trial court, Miles' counsel moved for judgment of acquittal on the theory that there was insufficient proof of carjacking because Miles did not take the victim's automobile "after forcibly removing her from the vehicle." Miles claimed that he was only guilty of "keyjacking" or robbing the victim of her keys. (Exh. 17, Vol. III, T 234-237). On direct appeal, Miles argued that proof of carjacking required resistance on the

-14-

part of the victim "to the taking of the car."  Miles reasoned that since he made no demand for the vehicle and the victim did not resist the taking, he could not be guilty of carjacking. Because the claim Miles presented on direct appeal had not been preserved in the state trial court, the claim was procedurally barred in state court and is procedurally barred in this Court.

Miles' claim is also procedurally barred because he raised his claim in state court as a state law violation rather than a federal constitutional violation.  Even if state law bears some relation to federal constitutional requirements, as it does in Miles' case, the presentation of the claim in state law terms is insufficient to support a finding that the state courts have had a fair opportunity to address the constitutional claim. See Luton v. Grandison, 44 F.3d 626, 628 (8th Cir.1994), cert. denied, 115 S. Ct. 1262 (1995); Melendez v. State, 498 So. 2d 1258, 1261 (Fla. 1986) (adopting Jackson v. Virginia standard); Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (if a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court).

Miles has not shown cause and prejudice to overcome the procedural default and has not shown that a fundamental miscarriage of justice will occur if this Court does not reach the merits of his claim.

In addition, even if Miles had couched his state claim as a federal constitutional violation, his claim of insufficiency of the evidence remains purely a state law matter.  The purpose of a federal habeas proceeding is review of the lawfulness of the petitioner's custody to determine whether that custody is in violation of the Constitution or laws or

treaties of the United States. <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991). Determination of whether or not the evidence in a state criminal carjacking trial is sufficient to establish the elements of intent or use of force that will withstand a judgment of acquittal is <u>solely a matter of state law</u>. Issues of pure state law are not cognizable in a federal habeas corpus action. <u>Carrizales v. Wainwright</u>, 699 F. 2d 1053, 1045-55 (11th Cir. 1983). Federal courts hold no supervisory authority over state judicial proceedings and can interfere only to correct errors of constitutional dimension. <u>Smith v. Phillips</u>, 455 U.S. 209 (1982). Even when a petition that involves state law issues is "couched in terms of equal protection and due process,"  this limitation on federal habeas corpus review is of equal force. <u>Willeford v. Estelle</u>, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

Alternatively, Miles' claim can be denied because it was denied in the Florida courts on independent and adequate state substantive grounds. A federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is independent of the federal question and adequate to support the judgment. This rule applies whether the state law ground is substantive or procedural. <u>See Eagle v. Linahan</u>, 279 F.3d 926, 936 (11th Cir. 2001) (citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991)).

In Florida, a person commits "carjacking" by the taking of a motor vehicle from the person or custody of another, with intent either to permanently or temporarily deprive the person or the owner of the motor vehicle, when in the course of the taking there is the use of force, violence, assault, or putting in fear. Chapter 812.133, Florida Statutes (2000). The state district court of appeals' decision in Miles' direct appeal settles that, as a matter of state law, there was sufficient evidence to establish the elements of Mile's carjacking

offense to survive a motion for judgment of acquittal and to sustain his conviction for carjacking.

To satisfy the constitutional requirement of due process in a criminal trial, the State must prove beyond a reasonable doubt every fact that constitutes an essential element of the crime charged against the defendant. In re Winship, 397 U.S. 358, 364 (1970) . When considering the sufficiency of the evidence on review, the proper inquiry is not whether the reviewing court itself believes that the evidence established guilt beyond a reasonable doubt but whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979) (citation omitted); see also, Bishop v. Kelso, 914 F.2d 1468, 1470 (11th Cir. 1990).

In Miles' case, after viewing the evidence in the light most favorable to the prosecution, a reasonable juror could have found the essential elements of the carjacking offense beyond a reasonable doubt.

2) Error in Sentencing Miles as a Prison Release Reoffender and Habitual Felony Offender

Miles has not alleged specific factual allegations in support of his claim; therefore, the claim is facially insufficient.  (See grounds two and six below).

Ground one does not warrant habeas corpus relief.

Ground Two

Miles claims the trial court erred in sentencing him both as a prison releasee reoffender and as a habitual felony offender. This sentencing claim presents an issue of pure state law which is not cognizable in a federal habeas corpus proceeding. See 28

U.S.C. § 2254(a) (Federal habeas relief is available to correct only those injuries resulting from a violation of the Constitution or laws or treaties of the United States.);  Wainwright v. Goode, 464 U.S. 78 (1983); Engle v. Isaac, 456 U.S. 107,119 (1981);  Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (a claim that the trial court violated state law when sentencing a prisoner is not cognizable in a habeas corpus proceeding.) "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." Id.; see also, Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir. 1983); Cabberiza v. Moore, 217 F.3d 1329 (11th Cir. 2000).

Even if this issue were properly before this Court, Miles would not be entitled to relief.  Miles argued in his initial brief on direct appeal that he was entitled to a remand, directing the state trial court to impose a limited term of  thirty-years imprisonment for the prison releasee reoffender sentence. The State responded in its answer brief that Miles' argument was not preserved, and therefore not reviewable, by the state district court of appeal. (Exh. 2, Answer Brief of Appellee at p. 6, n. 2).  The claim was procedurally barred in state court and would be procedurally barred in this Court. Furthermore, the claim has no merit under state or federal law. (See Exh. 2, Answer Brief of Appellee at pp. 3-6).

Ground two does not warrant habeas corpus relief.

Grounds Three and Four

In ground three, Miles claims he was incompetent to proceed to trial. Miles raised this issue in his Rule 3.850 motion.  Miles also alleged in his Rule 3.850 motion, and in ground four of this federal petition that he was denied effective assistance of trial counsel when counsel failed to request a competency evaluation.

-18-

Petitioner argued that the state trial court was aware or should have been aware he was incompetent and unable to understand the nature and consequences of the proceeding.  He also asserted that counsel was aware Miles had been diagnosed as incompetent in a previous state district court of appeal ruling in an unrelated case: Miles v. State, 620 So.2d 1075 (Fla. 2d DCA 1993). However, the state trial court denied relief, finding that Miles had:

> failed to provide this Court with any documentation or proof to demonstrate he has been declared legally incompetent. Contrary to Defendant's assertion that the Second District Court of Appeal diagnosed him as incompetent in *Miles,* the inference in *Miles* is that the trial court ultimately determined Defendant was competent. This is borne out by the fact that the trial court re-sentenced Defendant after ordering a competency evaluation. Had the trial court determined Defendant was incompetent, there would not have been the re-sentencing issue which was the basis of the Second District Court of Appeal's opinion in *Miles.*

(Exh. 8, Order Denying Motion for Postconviction Relief at pp. 1-2). The state trial court reviewed the allegations in Miles' postconviction motion, the court file, and the record, and concluded that Miles' allegations were unclear and provided no specific facts to adequately describe the nature of deficiencies he alleged in the first two grounds of his Rule 3.850 motion. Accordingly, the state trial court held that the allegations were conclusory and not sufficient to establish a valid claim.[2]  See Freeman v. State, 761 So.2d 1055, 1061 (Fla. 2000).

In addition, the state trial court held that Miles could not satisfy the first prong of Strickland.  The state court's ruling on these two claims was neither contrary to, nor an

---

[2]The burden of persuasion is on a petitioner to show that he was incompetent by a preponderance of the evidence.   See Medina v. Singletary, 59 F.3d 1095, 1106 (11th Cir. 1995); Branscomb v. Norris, 47 F.3d 258, 261 (8th Cir.) (noting that, absent some contrary indication, state and federal trial judges may presume defendants are competent), cert. denied, 515 U.S. 1109 (1995).

unreasonable application of, United States Supreme Court law.

Grounds three and four do not warrant habeas corpus relief.

### Ground Five

Miles argues that counsel was ineffective for failing to request a jury instruction on the lesser-included offense related to the carjacking count. Miles asserted in his Rule 3.850 motion that counsel advised him it would be in his best interest to waive the inclusion of lesser-included offenses, and adopt a "guilty or not guilty strategy."

Again, this allegation is refuted in the state court record, which reflects that co-counsel did discuss the lesser-included offenses with the jury. Although co-counsel stressed that Miles maintained his innocence, co-counsel did ask the jurors to consider lesser offenses if the jury found Miles was involved in the crime. Moreover, the record also reflects the trial court instructed the jury regarding lesser-included offenses. (Exh. 17, Vol. 3, T 293-312).

Ground five does not warrant habeas corpus relief.

### Ground Six

Miles alleges his trial counsel was ineffective for advising Miles to waive the State's "veracity" regarding Petitioner's eligibility for habitual felony offender (HFO) sentencing. Miles argues that counsel erred because counsel knew the State could not verify the predicate offenses used for enhancement.

The state trial court denied this claim because it was refuted by the record. The state trial court properly found that the record reflected counsel challenged Miles' HFO status. The state trial court noted that it was Miles himself who stipulated in open court to his HFO status. When the state trial court specifically asked Miles whether he understood he was

stipulating as an habitual felony offender, and then informed Miles of the charges to which he was stipulating and the consequences of stipulating as an HFO, Miles answered in the affirmative. (Exh. 17,Vol. IV,  R 343-347).  Therefore, Petitioner could not satisfy the first prong of  <u>Strickland</u> and the claim was <u>properly denied</u> by the state trial court.

Ground six does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Miles' petition for writ of habeas corpus is denied, with prejudice.  The Clerk is directed to enter judgment against Miles and to close this case.

ORDERED at Tampa, Florida, on  June 17, 2005.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record

Alfonso Lewis Miles